IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:08-cv-110

SPEEDING GLOBAL CORP.,

    Plaintiff,

v.

T2 INTERNATIONAL, LLC, a Missouri limited liability company,
TARA YOUNGBLOOD, individually, and
TODD YOUNGBLOOD, individually.

    Defendants.

**ANSWER**

Defendants T2 International, LLC ("T2 International"), Tara Youngblood and Todd Youngblood (collectively "Defendants") file the following as their Answer to the Complaint filed by Speeding Global Corp. ("Speeding" or "Plaintiff"). Defendants will respectfully show the Court as follows:

### JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 1 of the Complaint, and therefore deny such allegations.

2. Defendants admit that T2 International is a Missouri limited liability company with its principal place of business in Mooresville, North Carolina.

3. Defendants admit that Tara Youngblood is a resident of Iredell County, North Carolina and a citizen of Canada.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

1

5. Paragraph 5 of the Complaint calls for conclusions of law to which no response is required.

## OPERATIONAL FACTS

6. Defendants admit that Tara Youngblood is Vice President of T2 International. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff and T2 International entered into a series of purchase orders/contracts regarding the sale of manufactured goods by Plaintiff to T2 International. The terms and conditions in the purchase orders/contracts speak for themselves. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that the purchase orders/contracts between Plaintiff and T2 International contained a number of terms and conditions regarding the delivery of the goods to be manufactured by Plaintiff. Those terms and conditions speak for themselves. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that the purchase orders/contracts between Plaintiff and T2 International contained a number of terms and conditions regarding the manufacture and inspection of the goods to be manufactured by Plaintiff. Those terms and conditions speak for themselves. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that a representative of T2 International inspected a sample of the goods manufactured by Plaintiff on some occasions prior to shipment of the goods, but lack knowledge and information sufficient to admit or deny whether the a representative inspected the product prior to <u>each</u> shipment. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Todd Youngblood visited Plaintiff's factory on March 11, 2008, but denies that the purpose of the visit was to inspect the goods at issue in Plaintiff's claims against Defendants. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that T2 International decided to exercise its contractual and legal right not to make certain payments under the purchase orders/contracts between Plaintiff and T2 International for the substandard and noncompliant goods shipped by Plaintiff. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

16. Defendants admit that Plaintiff has requested payment of various amounts under the terms of the purchase orders/contracts between Plaintiff and T2 International. Defendants deny, however, that T2 International is "in default as to the balance of the indebtedness," and that the amounts requested by Plaintiff represent an "outstanding balance." Except as expressly admitted, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff failed to make the final two shipments due under the purchase orders/contracts between Plaintiff and T2 International. Defendants deny, however, that T2 International's decision to withhold funds for the substandard and noncompliant products shipped by Plaintiff was a "payment delinquency," or that T2 International's decision caused

Plaintiff any actual damage. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that on May 19, 2008, T2 International and Tara Youngblood signed a Letter of Undertaking, a copy of which is attached as Exhibit A to the Complaint. The terms and conditions contained in the Letter of Undertaking speak for themselves. Defendants deny that the Letter of Undertaking is a valid or enforceable contract. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff shipped the final two shipments to T2 International, but denies that said shipments were in compliance in any way with the terms of the purchase orders/contracts between Plaintiff and T2 International.

20. Defendants admit that the Letter of Undertaking contains a payment schedule. The terms and conditions in the Letter of Undertaking speak for themselves. Defendants deny that the Letter of Undertaking is a valid or enforceable contract. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit that the Letter of Undertaking contains a payment schedule. The terms and conditions in the Letter of Undertaking speak for themselves. Defendants deny that the Letter of Undertaking is a valid or enforceable contract. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit that T2 International made payments to Plaintiff on May 15, 2008 and June 1, 2008. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit that T2 International has decided to exercise its contractual and legal right not to make certain payments to Plaintiff. Defendants deny that the Letter of

Undertaking is a valid or enforceable contract. Defendants further deny that T2 International "owes" any money to Plaintiff. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that the Letter of Undertaking contains various terms regarding mutual obligations between Plaintiff and T2 International. However, Defendants deny that the Letter of Undertaking is a valid or enforceable contract. The terms and conditions in the Letter of Undertaking speak for themselves. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that T2 International has decided to exercise its contractual and legal right not to make certain payments to Plaintiff. Defendants expressly deny that T2 International owes a "debt" to Plaintiff. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit that the Letter of Undertaking contains various terms regarding mutual obligations between Plaintiff and T2 International. However, Defendants deny that the Letter of Undertaking is a valid or enforceable contract. The terms and conditions in the Letter of Undertaking speak for themselves. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit that Tara Youngblood signed the Letter of Undertaking. The terms and conditions in the Letter of Undertaking speak for themselves. Defendants deny that the Letter of Undertaking is a valid or enforceable contract. To the extent the allegations of Paragraph 27 call for conclusions of law, no response is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

## PIERCING THE CORPORATE VEIL

28. Except for the extent to which the allegations of Paragraph 28 call for conclusions of law to which no response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Except for the extent to which the allegations of Paragraph 29 call for conclusions of law to which no response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Except for the extent to which the allegations of Paragraph 30 call for conclusions of law to which no response is required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

33. Refer to the preceding paragraphs for Defendants' responses to the allegations set forth in Paragraphs 1 through 32.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

37. Refer to the preceding paragraphs for Defendants' responses to the allegations set forth in Paragraphs 1 through 36.

38. Defendants admit that the Letter of Undertaking and the other purchase orders/contracts between Plaintiff and T2 International contain various terms regarding mutual obligations of Plaintiff and T2 International. The terms and conditions in the Letter of Undertaking, the purchase orders/contracts speak for themselves. Defendants deny that the Letter of Undertaking is a valid or enforceable contract. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Except for the extent to which the allegations of Paragraph 41 call for conclusions of law to which no response is required, Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted, and Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or part, by its own conduct, including but not limited to its own breach of any and all agreements with Defendants.

### Third Affirmative Defense

Defendants have fully performed their obligations under any and all agreements they had with Plaintiff.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate injury and their failure to mitigate damages.

### Seventh Affirmative Defense

Plaintiff failed to meet its implied burden to refrain from delaying, hindering or interfering with the performance of the other parties under the relevant contracts.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### Ninth Affirmative Defense

The Letter of Undertaking referenced in Plaintiff's Complaint is not a valid or enforceable contract, inasmuch as it was not supported by adequate consideration.

### Tenth Affirmative Defense

The Letter of Undertaking referenced in Plaintiff's Complaint is not a valid or enforceable contract, inasmuch as it was signed under duress.

### Eleventh Affirmative Defense

Plaintiffs have failed to plead facts sufficient to state a claim for piercing the corporate veil of T2 International.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to amend these affirmative defenses and to allege further affirmative defenses as appropriate.

### REQUEST FOR JURY TRIAL

Defendants request a trial by jury of all issues in this case.

WHEREFORE, having fully answered, the Defendants T2 International, LLC, Tara Youngblood, and Todd Youngblood pray the Court as follows:

1. That this action be dismissed with prejudice;

2. That Plaintiff have and recover nothing of it;

3. That the cost of this action be taxed to Plaintiff; and

4. That Defendants be granted such other and further relief as the Court deems just and proper.

This the 3rd day of October, 2008.

> **s/ Mark W. Kinghorn**
> Bradley R. Kutrow
> N.C. State Bar No. 13851
> Mark W. Kinghorn
> N.C. State Bar No. 28623
> MCGUIREWOODS, LLP
> 100 North Tryon Street, Suite 2900
> Charlotte, North Carolina 28202
> Telephone:  (704) 373-8999
> Facsimile:  (704) 373-8935
>
> *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing ANSWER on all parties to this cause by:

      _____ Hand delivering a copy hereof to the attorney for each said party addressed as follows:

      \_\_\_X\_\_ Depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the attorney for each said party as follows:

      _____ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to the attorney for each said party as follows:

      _____ Telecopying a copy hereof to the attorney for each said party as follows:

Constantine H. Kutteh, Esq.
Martha N. Peed, Esq.
POPE MCMILLAN KUTTEH PRIVETTE EDWARDS & SCHIECK, P.A.
113 North Center Street, Suite 200
Statesville, North Carolina 28687

This the 3rd day of October, 2008.

                                                                **s/ Mark W. Kinghorn**
                                                                Mark W. Kinghorn
                                                                 N.C. State Bar No. 28623
                                                                 MCGUIREWOODS, LLP
                                                                 100 North Tryon Street, Suite 2900
                                                                Charlotte, North Carolina 28202
                                                                Telephone:   (704) 373-8999
                                                                Facsimile:    (704) 373-8935

                                                               *Attorneys for Defendants*