IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:08CV110-V

| | |
|---|---|
| SPEEDING GLOBAL CORP., )<br>    Plaintiff, )<br>         )<br>   v.      )<br>          )<br>T2 INTERNATIONAL, LLC, )<br>a Missouri limited liability company, )<br>TARA YOUNGBLOOD, individually, )<br>and TODD YOUNGBLOOD, )<br>individually, )<br>    Defendants. )<br>         ) | **O R D E R** |

**THIS MATTER** is before the Court on its own motion given there has been no activity in this litigation in more than a year.

This case was removed to federal court from Iredell County Superior Court by Defendants in September 2008. (Document #1) Plaintiff Speeding Global Corporation ("Speeding Global") alleged Breach of Contract and Unfair and Deceptive Trade Practices pursuant to N.C. Gen. Stat. §75-1.1 in its Complaint. After submitting an Answer on October 3, 2008, Defendant T2 International, LLC ("T2") filed an Amended Answer and Counterclaims on March 20, 2009. (Document #4)

On February 25, 2010, as a courtesy, court personnel contacted counsel for Plaintiff to inquire as to the status of the case. However, since that time, Plaintiff has not filed an Answer to Defendants' Amended Counterclaims, or otherwise sought to prosecute the causes of action alleged within its Complaint.[1] Similarly, Defendants have not moved for dismissal of Plaintiff's Complaint,

---

[1] Ordinarily, Plaintiff's Answer to Defendants' Amended Counterclaims would have been due within twenty-one (21) days of service of the pleading including the counterclaim. FED. R. CIV. P. 12(a)(1)(B). Here, given Plaintiff's Motion to Dismiss and Defendants' subsequent Voluntary Dismissal

or requested entry of default / default judgment on its remaining Counterclaims.[2]

Consequently, joinder of the issues has not occurred, the parties have not conducted their Initial Attorneys' Conference, filed their Certification of the same, participated in an Initial Pretrial Conference, or even begun to engage in the discovery process.[3]  *See* L.Civ.R. 16.1(D) and (E)(2)(2009).

**IT IS, THEREFORE, ORDERED** that the parties are hereby directed to file a Status Report <u>**on or before Monday, April 11, 2011**</u>.

**IT IS FURTHER ORDERED** that **NOTICE IS HEREBY GIVEN** that the parties' respective claims / counterclaims are subject to dismissal for failure to prosecute.  *See* FED. R. CIV. P. 41(b) and (c)**.**

Signed: March 29, 2011

Richard L. Voorhees
United States District Judge

---

of certain Counterclaims, voluntary dismissal – which alleviated the need for the Court to decide the motion – should have triggered Plaintiff's response period. FED. R. CIV. P. 12(a)(4).

[2] In June 2009, Defendant voluntarily dismissed its First, Second, Third, Fourth, Fifth, Ninth, Tenth, and Eleventh Counterclaims without prejudice in response to Plaintiff's Motion to Dismiss Counterclaims.  (Documents ##12-14) Defendants' remaining Counterclaims include: 2 violations of N.C. Gen. Stat. §75-1.1 (Sixth / Twelfth), 2 claims of Fraud (Seventh / Thirteenth), 2 claims of Tortious Interference with Contractual Relations (Eighth / Fourteenth), and 1 claim of Tortious Interference with Prospective Economic Advantage (Fifteenth).

[3]  Presumably, the parties have now settled this matter without the need for further court intervention, in which case, a Stipulation of Dismissal should be filed by April 11, 2011 as well.