# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:08-CV-00110-RLV-DSC

| | |
|---|---|
| SPEEDING GLOBAL CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **MEMORANDUM AND ORDER** |
| T2 PRODUCTS, LLC d/b/a T2 INTERNATIONAL, LLC; TARA YOUNGBLOOD; and TODD YOUNGBLOOD, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Pursuant to Rule 41, filed August 17, 2012. (Doc. 38.) The motion was adequately thorough, and no accompanying memorandum was necessary. No response by Plaintiff has been filed, and the time for doing so has passed.

Plaintiff Speeding Global Corp. initiated the instant action by filing its Complaint in the Superior Court of Iredell County, North Carolina, alleging breach of contract and unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1. The case was removed to this Court on September 29, 2008. (Doc. 1.) After submitting an Answer on October 3, 2008 (Doc. 3), Defendants filed an Amended Answer and Counterclaims on March 20, 2009 (Doc. 4). For more than four years now, Plaintiff has not served written discovery, deposed any parties or witnesses, or otherwise prosecuted its case. In March of 2011, the Court sua sponte ordered the parties to file a status report because at that time, there had been no activity in this litigation for

1

more than a year. (Doc. 15.) Within the Court's Order, notice was given that the parties' respective claims and counterclaims were subject to dismissal for failure to prosecute. (Doc. 15 at 2.) Plaintiff responded with an Amended Complaint (Doc. 19) and on August 26, 2011, answered Defendants' counterclaims (Doc. 31). The Pretrial Order and Case Management Plan was filed on September 20, 2011. (Doc. 33.) After a dearth of activity, counsel for Plaintiff withdrew on July 31, 2012, and the Magistrate Judge ordered that Plaintiff secure replacement counsel by August 14, 2012. Pro se corporate Plaintiff has ignored this Order.

Pursuant to Federal Rule of Civil Procedure 41(b), this Court has discretionary authority to dismiss this case with prejudice both for failure to prosecute and for disobeying the Court's prior Order. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). As this is a harsh sanction not to be invoked lightly, the Court in exercising this discretion must consider four factors: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal. *Id.*

Applying these factors, (1) Plaintiff is responsible for retaining replacement counsel; (2) Defendants are prejudiced to the extent that they cannot prosecute their case against a pro se corporation; (3) there is a substantial record of dilatoriness and dearth of effort to prosecute over the past four years, though the Court has taken into account the difficulties experienced by the Plaintiff as a result of a typhoon that hit Taiwan, where Plaintiff is headquartered, in August of 2009 (Doc. 16); and (4) the Court has previously put Plaintiff on notice of the potential for dismissal, and given the corporate Plaintiff is still unrepresented, there are no other less drastic sanctions available.

In the event this Court dismisses with prejudice Plaintiff's claims, Defendants stipulate to the dismissal without prejudice of their counterclaims pursuant to Rule 41(a)(2).

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Pursuant to Rule 41 (Doc. 38) be **GRANTED**. The Amended Complaint is hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants' counterclaims be **DISMISSED** without prejudice.

Signed: September 28, 2012

Richard L. Voorhees
United States District Judge